Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00653-CR

**IN RE** Jerry **SETTLES**

Original Petition for Writ of Habeas Corpus[1]

PER CURIAM

Sitting: Alma L. López, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice

Delivered and Filed: September 24, 2008

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

On August 27, 2008, relator Jerry Settles filed a petition entitled "petition for writ of habeas corpus motion to appeal," seeking relief relating to the sentence imposed on him following a criminal conviction. We construe relator's petition as a post-conviction petition for writ of habeas corpus. In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005). This Court has no jurisdiction to consider a post-conviction petition for writ of habeas corpus in a felony case. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Gutierrez,*

---

[1] This proceeding arises out of Cause No. 2008-CR-3740, styled *The State of Texas v. Jerry Settles*, in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid L. Harle presiding.

No. 04-06-00382-CV, 2006 WL 1748421, *1 (Tex. App.—San Antonio June 28, 2006, orig. proceeding) (mem. op.).

If relator intended to file a notice of appeal, he should have filed a timely notice of appeal in the trial court. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A notice of appeal is timely if it is filed within thirty days of the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)-(b). However, Rule 26.3 allows the appellate court to extend the time to file a notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files: (1) a notice of appeal with the trial court, and (2) files a motion in the court of appeals that complies with Texas Rule of Appellate Procedure 10.5(b). TEX. R. APP. P. 26.3. If relator fails to comply with Rules 26.2 and 26.3, only the Court of Criminal Appeals has the exclusive authority to grant post-conviction relief, such as an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon Supp. 2007); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991).

Accordingly, the petition for writ of habeas corpus and all relief requested is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH